Five Star Elec. Corp. v A.J. Pegno Constr. Co., Inc./Tully Constr. Co., Inc. (2023 NY Slip Op 05469)

Five Star Elec. Corp. v A.J. Pegno Constr. Co., Inc./Tully Constr. Co., Inc.

2023 NY Slip Op 05469

Decided on October 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2023

Before: Kern, J.P., Friedman, Kennedy, Pitt-Burke, JJ. 

Index No. 400897/11 Appeal No. 939-940 Case No. 2023-02148, 2023-03044 

[*1]Five Star Electric Corp., Plaintiff-Respondent,
v
A.J. Pegno Construction Co., Inc./Tully Construction Co., Inc., etc., et al., Defendants-Appellants.

Hogan Lovells US LLP, New York (Matthew Higgins of counsel), and Hogan Lovells US LLP, Washington, DC (Jessica L. Ellsworth, of the bar of the District of Columbia, admitted pro hac vice, of counsel), for appellants.
Duane Morris LLP, New York (Mark A. Canizio of counsel), for respondent.

Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered on or about June 9, 2023, in favor of plaintiff and against defendants in the amount of $7,507,164, plus interest, and bringing up for review an order, same court and Justice, entered April 27, 2023, which granted plaintiff's motion to modify a prior judgment, same court and Justice, entered July 16, 2021, and denied defendants' cross-motion to dismiss, unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
In a prior appeal, we held that "the trial court improperly credited the [plaintiff's] expert's conclusion that defendants alone were responsible for the delay damages regardless of any delays also attributable to the City" (Five Star Elec. Corp. v A.J. Pegno Constr. Co., Inc./Tully Constr. Co., Inc., 209 AD3d 464, 465 [1st Dept 2022]). Accordingly, we "remanded for a new consideration of the damages that are properly attributable to defendants' actions or lack thereof[,]" which "reassessment should properly weigh the delays and damages to plaintiff caused by defendants, after considering the delays attributable to the City" (id.).
On remand, Supreme Court relied on its previous finding of fact, based on plaintiff's expert's analysis, attributing 79% of the delays to defendants and 21% of the delays to the City, and awarded plaintiff $7,507,164, representing 79% of its $9,502,739 delay damages. On appeal, defendants argue that plaintiff's expert improperly included in his calculation of the delays attributable to defendants delays for which there were concurrent causes, that is, delays caused by both defendants and the City. Thus, defendants urge, Supreme Court erred by including, in its apportionment of fault to defendants, delays for which they were not the sole proximate cause (see Plato Gen. Constr. Corp./EMCO Tech Constr. Corp., JV, LLC v Dormitory Auth. of State of N.Y., 89 AD3d 819, 826 [2d Dept 2011], lv denied 19 NY3d 803 [2012]).
We find that the Supreme Court applied the correct causation standard in reassessing plaintiff's delay damages. We articulated the standard to apply in assessing causation and stated that Supreme Court should consider anew "the damages that are properly attributable to defendants' actions or lack thereof" (Five Star Elec. Corp., 209 AD3d at 465). Therefore, the trial court was entitled to credit plaintiff's expert's apportionment of fault for the delays between defendants and the City (79% and 21%, respectively), which apportionment adheres to the directive in our prior order (see Manshul Constr. Corp. v Dormitory Auth. of State of N.Y., 79 AD2d 383, 393 [1st Dept 1981] [awarding the plaintiff 95% of the amount determined to be its delay damages
where it was 5% responsible for the delay]).
We have considered defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE [*2]DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2023